_____

No. 95-3911MN
_____

Lee A. Qualley,       *
                      *
            Appellant, *
                      *
    v.                *    Appeal from the United States
                      *    District Court for the District
The Minnesota State Automobile    *    of Minnesota.
Association; The Minnesota         *
State Automobile Association       *         [UNPUBLISHED]
Long Term Disability Plan;         *
UNUM Life Insurance Company of     *
America,                           *
                      *
            Appellees.    *
                  _____

            Submitted:  October 25, 1996

            Filed:  October 30, 1996
                  _____

Before McMILLIAN, FAGG, and BEAM, Circuit Judges.
                  _____


PER CURIAM.


     Lee A. Qualley, an employee of the Minnesota State Automobile
Association (MSAA), applied for long-term disability benefits under MSAA's
insurance plan, the Minnesota State Automobile Association Long Term
Disability Plan.  UNUM Life Insurance Company of America provides a group
long-term disability insurance policy to MSAA employees.  UNUM denied
Qualley's request for long-term disability benefits because UNUM decided
Qualley is not totally disabled and thus does not qualify for long-term
benefits under the policy.  After the denial, Qualley brought this lawsuit
for long-term disability benefits under the Employee Retirement Income
Security Act, 29 U.S.C. §§ 1001-1461 (1994) (ERISA).  The district court
decided Qualley is not totally disabled within the policy's meaning because
she can "perform each of the material duties of some

gainful occupations for which she is reasonably fitted by training, education or experience."  The district court considered Qualley's pain, the restrictions identified by several examining doctors, MSAA's willingness to accommodate the recommended restrictions, and the conclusion by an overwhelming majority of doctors that Qualley has the capacity to perform jobs for which she is qualified.  Reviewing the denial of benefits de novo, Firestone Tire & Rubber Co. v. Bruch, 489 U.S. 101, 115 (1989), we conclude the denial was proper because Qualley is not totally disabled.  Thus, we affirm the district court.  See 8th Cir. R. 47B.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.